IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'22 SEP 13 PM 1:28

Massoud Heidary )
121 Central Avenue )
Gaithersburg, Maryland 20877 )
)
)
                 Plaintiff, )  CIVIL ACTION NO. 22-CV-2319-
)                                    BLS
v. )
)  **DEMAND FOR JURY TRIAL**
Amazon.com, Inc. and )
Ring, LLC )
)
                 Defendants, )
)

**COMPLAINT FOR PATENT INFRINGEMENT AND
REQUEST FOR INJUNCTIVE RELIEF AND DAMAGES**

      Plaintiff, Massoud Heidary ("Plaintiff"), proceeding Pro Se, complain of Defendants' Amazon.com, Inc., and Ring, LLC (collectively, "Defendants") conduct and allege upon information and belief as follows:

**NATURE OF ACTION**

      1.    This is an action for patent infringement of a United States patent arising under the patent laws of the U.S., Title 35, United States Code, against Defendants.

      2.    Defendants sale of the product infringes on one or more claims of U.S. Patent No. 10, 380,862 (the "'862 patent") ("Patent-in-Suit"). Plaintiff attaches hereto a true and accurate copy of the '862 patent as Exhibit A.

**PARTIES**

      3.    Plaintiff Massoud Heidary is an individual having a domicile at 121 Central Avenue, Gaithersburg, Maryland 20877.

4.      On information and belief, Amazon.com, Inc. ("Amazon.com") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 410 Terry Ave North, Seattle, Washington 98109, and may be served through its registered agent at Corporation Service Company, 2711 Centerville Rd. Ste 400, Wilmington, Delaware 19808.

5.      On information and belief, Ring, LLC ("Ring") is Limited Liability company and exists under the laws of the State of Delaware, having its principal place of business at 410 Terry Ave North, Seattle, MA 98109. Ring is registered to do business in the state of Washington and is a wholly owned subsidiary of Amazon.com.

## JURISDICTION AND VENUE

6.      Plaintiff brings this action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 1 et. seq., including U.S.C. §§ 271, 281-285. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

7.      Plaintiff's cause of action arise, at least in part, from Amazon.com, Inc. and Ring, LLC's (collectively "Defendants") business contacts and other activities in the State of Maryland and in this District. Upon information and belief, Defendants have committed acts of infringement within this District and the State of Maryland by making, selling, using, offering for sale or importing into the United States products or services that infringe on one or more claims of the Patent-in-Suit set forth herein. Further, Defendants induce others within this District to infringe one or more claims of the Patent-in-Suit.

8.      On information and belief, Defendants solicit customers within this District and the State of Maryland, and has many customers who are residents of the State of Maryland and this District who purchase and use Defendants' products and services alleged to infringe the Patents-in-Suit.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

### PATENT-IN-SUIT

10. On August 13, 2019, the U.S. Patent and Trademark Office duly and legally issued the '862 patent, titled, "Fire Protection System with Fan Shut Off, including a Camera and a Display Unit." A true and correct copy of the '862 patent is attached hereto as Exhibit A. The claims of the '862 patent are valid, enforceable, and not expired. Plaintiff is the assignee of the '862 patent.

### ACTS GIVING RISE TO THIS ACTION

11. On information and belief, Ring, LLC, directly and/or through its parent company Amazon, Inc., markets, distributes, and/or sells product that incorporates a camera with a fire alarm throughout the U.S., including in this District.

### COUNT 1

### Infringement of U.S. Patent No. 10,380,862

12. Defendants infringe at least claim 1 of the '862 Patent under 35 U.S.C. § 271(a) and (b). Defendants make, sell, use, offer to sell, or import into the United States products, such as the X-SENSE Wi-Fi Smoke Alarm and the Aegislink Wi-Fi Smoke Alarm, that meet each and every limitation of claim 1.

13. Claim 1 of the '862 Patent is directed to a system for suppressing fire in a building, the system comprising: (1) a plurality of smoke detector units, each smoke detector unit comprising: (2) a smoke detector, (3) a power supply, (5) an auxiliary power supply, (6) a camera connected to the smoke detector, and (7) a wireless transmission unit connected to the camera a normally closed relay, (8) a fan controller connected to an HVAC unit, (9) a thermostat, (10) a display unit, (11) a micro-controller for display unit, (12) a wireless receiver for the micro-controller, (13) a telephone system, wherein upon detection of a smoke by any one of the smoke detectors, the respective smoke detector passes a signal to a normally closed relay to open and to cut-off the power supply to the thermostat as well as fan controller thereby shutting off the fan unit; and activates the respective camera and the wireless transmission unit to transmit a signal to a wireless receiver connected to the micro-controller so as to display the location of the fire on the display unit

connected to the micro-controller.

## PRAYER FOR RELIEF

**WHEREFORE**, for the foregoing reasons, the Plaintiff, Massoud Heidary, prays for judgment against Defendants as follows:

1. A judgement that Defendants have infringed the '862 patent under 35 U.S.C. § 271(e)(2)(A);

2. A judgment declaring that Defendants' commercial manufacture, use, offer for sale, and sale of the Product in the U.S., and/or importation into the U.S., prior to the expiration of the '862 patent (including such actions by its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with Defendants or acting on Defendants' behalf) will constitute infringement of the '862 patent under 35 U.S.C. § 271(b) and providing any further necessary or proper relief based on the Court's declaratory judgment or decree;

3. An order under 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283 permanently enjoining Defendants, their affiliates, subsidiaries, and each of their officers, agents, servants and employees and those acting in privity or concert with them, from making, using, offering to sell, and/or selling in the U.S., and/or importing into the U.S., the Product until the day after the latest expiration date of the '862 patent including any extensions and/or additional periods of exclusivity to which Plaintiff is or will be entitled, and from otherwise infringing one or more claims of the '862 patent;

4. An award of Plaintiff's damages in an amount sufficient to compensate it for Globus's infringement of one or more claims of the '862 patent, together with pre-judgement and post-judgement interest costs, and all other damages permitted under 35 U.S.C. § 284;

5. Perform an accounting of Defendants' infringing activities through trial and judgement;

6. Treble the damages awarded to Plaintiff under § 284 by reason of Defendants' willful infringement of at least one claim of the '862 patent;

7. An award of Plaintiff's costs, expenses, reasonable attorney's fees and such other relief as the Court deems proper and just pursuant to 35 U.S.C. §271(e)(4) and 35 U.S.C. § 285; and

8. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Pro Se,

Massoud Heidary, Pro Se
1629 K Street NW, Suite 300
Washington, DC 20006
Tel.: (202) 570-4009

Dated: 9/12/2022