UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MASSOUD HEIDARY,

    Plaintiff,

v.

AMAZON.COM, INC. and
RING, LLC,

    Defendants.

Civil Action No. TDC-22-2319

**MEMORANDUM OPINION**

Self-represented Plaintiff Massoud Heidary has filed a civil action against Defendants Amazon.com, Inc. ("Amazon") and Ring, LLC ("Ring") alleging patent infringement under 35 U.S.C. § 271. Defendants have filed a Motion to Dismiss, which is fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Dismiss will be GRANTED, and the Complaint will be DISMISSED WITHOUT PREJUDICE for failure to state a claim, and for improper venue as to Ring only.

**BACKGROUND**

In the Complaint, Heidary alleges that on August 13, 2019, the United States Patent and Trademark Office issued and assigned to Heidary a patent for a "Fire Protection System with Fan Shut Off, Including a Camera and a Display Unit," designated as United States Patent No. 10,380,862 B1 ("the '862 Patent"). Compl. ¶ 10, ECF No. 1. On September 13, 2022, Heidary filed this civil action against Defendants in which he has alleged that Ring, directly or through Amazon, "markets, distributes, and/or sells" a "product that incorporates a camera with a fire alarm

. . . in this District," and that Defendants thereby "infringe at least claim 1 in the '862 Patent." *Id.* ¶¶ 11-12. Heidary identifies two specific products—the X-SENSE Wi-Fi Smoke Alarm and the Aegislink Wi-Fi Smoke Alarm (collectively, the "Products")—and argues that they "meet each and every limitation of claim 1" of the '862 Patent. *Id.* ¶ 12. The '862 Patent summarizes the invention as a "system for suppressing the spread of fire by shutting off the fan in a heating, ventilation, and air conditioning (HVAC) system when a fire is detected by the smoke detector." '862 Patent, Compl. Ex. 1 at 2, ECF No. 1-2. Specifically, Claim 1 of the '862 Patent describes the invention as follows:

> A system for suppressing fire in a building, the system comprising:
>
> a plurality of smoke detector units, each smoke detector unit comprising:
>
> a smoke detector, a power supply, an auxiliary power supply, a camera connected to the smoke detector, and a wireless transmission unit connected to the camera, a normally closed relay, a fan controller connected to an HVAC unit, a thermostat, a display unit, a micro-controller for the display unit, a wireless receiver for the micro-controller, a telephone system, wherein upon detection of a smoke by any one of the smoke detectors, the respective smoke detector passes a signal to a normally closed relay to open and to cut-off the power supply to the thermostat as well as fan controller thereby shutting off the fan unit; and activates the respective camera and the wireless transmission unit to transmit a signal to a wireless receiver connected to the micro-controller so as to display the location of the fire on the display unit connected to the micro-controller.

*Id.* at 3. The Complaint includes attachments consisting of an apparent screenshot of an Aegislink Wi-Fi Smoke Detector purportedly offered on Defendants' website, and an excerpted copy of the '862 Patent. In the Complaint, Heidary asserts claims of patent infringement which, construed liberally, are based on theories of both direct infringement and induced infringement pursuant to 35 U.S.C. § 271(a) and (b).

## DISCUSSION

In the Motion to Dismiss, Defendants argue that (1) the claims against Ring should be dismissed for lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3); (2) the claims

should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because Defendants do not sell the "complete invention," thereby precluding liability for direct infringement, Mot. Dismiss at 11-12, ECF No. 32-1; (3) the claims should be dismissed pursuant to Rule 12(b)(6) because Defendants are not sellers of the Products as required to subject them to liability for direct infringement; and (4) the allegations are insufficient to support a claim of induced infringement.

I.   **Venue**

As a threshold issue, Ring seeks dismissal of the claims against it based on improper venue. On a motion to dismiss for improper venue pursuant to Rule 12(b)(3), the plaintiff has the burden to put forth a *prima facie* showing that venue is proper in the district in which the case was filed. *See Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004); *Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670, 679-80 (D. Md. 2010). The court may consider evidence outside the pleadings and is to view the facts in the light most favorable to the plaintiff. *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365-66 (4th Cir. 2012).

Venue in a patent infringement case is governed by 28 U.S.C. § 1400, which provides that any "civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (2018); *Fourco Glass Co. v. Transmirra Corp.*, 353 U.S. 222, 229 (1957). "Whether venue is appropriate in a patent infringement action is unique to patent law and therefore Federal Circuit law applies." *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1207 (Fed. Cir. 2022). For domestic corporations, residence pursuant to § 1400(b) "refers only to the State of incorporation." *TC Heartland LLC v. Kraft Foods Grp. Brands, LLC*, 581 U.S. 258, 270 (2017). There is a "regular and established place of business" in the district if: (1) there is "a physical place in the district"; (2) it is a "regular and established place of

business"; and (3) it is "the place of the defendant." *In re Volkswagen Grp.*, 28 F.4th at 1208 (quoting *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017)).

Here, Heidary has not established that venue against Ring is proper in the District of Maryland. The Complaint acknowledges that Ring is incorporated in Delaware and thus does not reside in Maryland for purposes of patent venue. Heidary has neither alleged nor established that Ring has a physical place in the District of Maryland. Thus, regardless of whether Ring could be deemed to have engaged in any acts of infringement in this District, the requirement of a "regular and established place of business" in the District of Maryland has not been satisfied. The Court therefore finds that the claims against Ring must be dismissed due to improper venue, and Ring will be dismissed from the case.

## II.   Failure to State a Claim

### A.   Legal Standard

Amazon's arguments for dismissal are asserted pursuant to Rule 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading

requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

In the context of patent infringement claims, a plaintiff "is not required to plead infringement on an element-by-element basis." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). "Instead, it is enough 'that a complaint place the alleged infringer on notice of what activity . . . is being accused of infringement.'" *Id.* (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)). Nevertheless, "a plaintiff cannot assert a plausible claim for infringement under the [*Iqbal*] standard by reciting the claim elements and merely concluding that the accused product has those elements." *Id.* at 1353. Rather, there must be some factual allegations which articulate "why it is plausible that the accused product infringes the patent claim." *Id.* "The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.*

In resolving the Motion to Dismiss, the Court will consider the precedent on substantive patent law of the United States Court of Appeals for the Federal Circuit because that court has "exclusive jurisdiction" of "an appeal from a final decision of a district court of the United States" in "any civil action arising under" any "Act of Congress relating to patents . . . ." 28 U.S.C. § 1295(a)(1); *see In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018) ("[The Federal Circuit] generally defer[s] to regional circuit procedural law on questions 'not unique to patent law,' but appl[ies] [its] own law to issues 'related' to 'substantive matters unique to the Federal Circuit.'" (quoting *Biodex Corp. v. Loredan Biomed., Inc.*, 946 F.2d 850, 856 (Fed. Cir. 1991))).

### B.     Seller

In the Complaint, Heidary alleges that Amazon sells or offers to sell the Products within this District. As an attachment, Heidary has included a screenshot of a website purportedly operated by Amazon, on which one of the Products appears to be listed for sale. Amazon argues that the direct infringement claim should be dismissed because the allegations do not establish that Amazon was selling or offering to sell the Products.

A claim of direct infringement arises under 35 U.S.C. § 271(a), which provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . infringes the patent." 35 U.S.C. § 271(a) (2018). Though the "patent statute does not define the meaning of a 'sale' within the United States for purposes of § 271(a)," the Federal Circuit has held that "the ordinary meaning of a sale includes the concept of a transfer of title or property." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 831 F.3d 1369, 1377 (Fed. Cir. 2016) (quoting *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1319 (Fed. Cir. 2005), *abrogated on other grounds*, *Zoltek Corp. v. United States*, 672 F.3d 1309, 1323 (Fed. Cir. 2012) (en banc)). As Amazon has asserted, the Federal Circuit has, in an unpublished opinion on summary judgment, rejected an argument that Amazon was a seller for purposes of a claim under an analogous provision of the Copyright Act, 17 U.S.C. § 106 (2018), pursuant to which the plaintiff had filed a copyright infringement claim relating to pillowcases sold by a third-party company through Amazon's "online marketplace." *See Milo & Gabby, LLC v. Amazon.com, Inc.*, 693 F. App'x 879, 880, 885-87 (Fed. Cir. 2017). Although the court acknowledged that "the transfer of title does not have 'talismanic significance' when determining whether a sale has occurred," it held that Amazon was not a seller in part because it did not have or transfer title to the pillowcases and instead had "merely provided an online marketplace" through which third parties sold the pillowcases and, in

some instances, provided the service of shipping the products to the final destination. *Id.* at 887 (quoting *Medicines Co. v. Hospira, Inc.*, 827 F.3d 1363, 1376 (Fed. Cir. 2016)).

Amazon has also referenced several unpublished district court opinions granting motions for summary judgment on the grounds that Amazon was not a seller for purposes of the Patent Act. *See Blazer v. eBay, Inc.*, No. 1:15-CV-1059-KOB, 2017 WL 1047572, at *1, *4, *5 (N.D. Ala. Mar. 20, 2017) (concluding, after review of eBay's terms of service, user agreement, and anti-infringement policy, that it could not find that a "reasonable person would conclude that a listing on eBay was an offer to sell by eBay"); *Altinex Inc. v. Alibaba.com Hong Kong Ltd.*, No. SACV 13-01545 JVS (RNBx), 2016 WL 6822235, at *9,*11 (C.D. Cal. Mar. 25, 2016) (concluding, after review of Alibaba's membership agreement and transaction services agreement, that "on this record, no reasonable jury could conclude that Alibaba offers to sell, without authorization, a patented product under 35 U.S.C. § 271(a)"); *POWERbahn, LLC v. Found. Fitness LLC*, No. 1:17-CV-02965-AT, 2020 WL 8224926, at *3-4 (N.D. Ga. Sep. 8, 2020) (concluding, after review of a Special Master report and recommendation, that on "the undisputed facts" in the case, the defendant was not liable as a seller for direct infringement because it was providing "a service, not a sale").

These cases, however, do not establish that Amazon is not a seller as a matter of law for a direct infringement claim. Rather, they were decided on motions for summary judgment, after the development of a factual record. Notably, in *Milo & Gabby*, the Federal Circuit stated that "Amazon sells some of the products available on its website," 693 F. App'x at 880, and other courts have, in fact, denied motions for summary judgment, based on the specific factual records before them, on the issue of whether Amazon or similar companies constituted a seller or made an offer to sell for purposes of patent infringement claims. *See, e.g., Area 55, Inc. v. Amazon.com*,

7

*Inc.*, No. 11-CV-00145-H (NLS), 2012 WL 12517661, at *3-4 (S.D. Cal. May 3, 2012) (finding a genuine issue of material fact on whether Amazon's activities "arose to the level of sale of the allegedly infringing products or whether [Amazon] only provided a service for a fee"); *Alibaba.com Hong Kong, Ltd. v. P.S. Prods., Inc.*, No. C 10-04457 (WHA), 2012 WL 1668896, at *3 (N.D. Cal. May 11, 2012) ("There is a factual dispute as to whether a reasonable buyer going on www.aliexpress.com would have believed that Alibaba itself was making an offer to sell the allegedly infringing products."); *Milo & Gabby, LLC v. Amazon.com, Inc.*, No. C13-1932RSM, 2015 WL 4394673, at *14 (W.D. Wash. July 16, 2015) (denying summary judgment because there was a factual dispute as to whether Amazon's display of the product and invitation to buy the item constituted an "offer to sell"). Although Amazon has made certain representations in its brief, at this stage, on a motion to dismiss, the Court is limited to the allegations in the Complaint and its attachments, which do not refute Heidary's claim that Amazon is the seller of the Products or made an offer to sell them. The Court requires a factual record before determining whether Amazon was acting as a seller, or made an offer to sell, in relation to the Products.

Amazon's citation to *Erie Insurance Co. v. Amazon.com, Inc.*, 925 F.3d 135 (4th Cir. 2019), does not alter this conclusion. Although *Erie Insurance Co.* concluded that Amazon was not a "seller," it did so for purposes of Maryland product liability law, not the Patent Act. *See id.* at 140-41 (citing Md. Code Ann., Com. Law §§ 2-314, 2-315 (West 2013)). Moreover, the court so ruled on a motion for summary judgment, after it had an evidentiary record demonstrating that a third party "set the price for the sale of the product to purchasers, designed the product description for the website, paid Amazon for its fulfillment services, and ultimately received the purchase price paid by the purchaser," and that the agreement between Amazon and this third party showed

that Amazon did not hold title to the product in question. *Id.* at 142. At present, the Court has no comparable factual record.

Thus, although Amazon may, at a later stage, be able to establish that it did not sell or offer to sell the Products, *see* 35 U.S.C. § 271(a), any such determination is premature. The Court will therefore deny the Motion as to the argument that Amazon is not a seller under § 271(a).

### C.      Complete Invention

Amazon separately argues that the Court should dismiss the Complaint because Heidary has not pleaded facts demonstrating that either of the Products constitutes the "complete invention" subject to the '862 Patent. Mot. Dismiss at 5.

To the extent that Amazon argues that a "complete invention" doctrine imposes a heightened pleading standard, it has cited, and the Court has identified, no authority specifically establishing such a standard on a motion to dismiss. Certainly, to "establish infringement a party must show that the accused device contains, either literally or by equivalents, every limitation of the claimed invention." *Advanced Display Sys., Inc. v. Kent St. Univ.*, 212 F.3d 1272, 1287 (Fed. Cir. 2000) (addressing a motion for a new trial). When a patent is for a specific method, a "finding of direct infringement requires that all steps of the claim are performed by or attributable to a single entity." *MedGraphs, Inc. v. Medtronic, Inc.*, 843 F.3d 942, 948 (Fed. Cir. 2016) (addressing, on a motion for summary judgment, a patent for a method of improving and facilitating the diagnosis and treatment of patients). Moreover, "a patent on a combination is a patent on the assembled or functioning whole, not on the separate parts."  *Mercoid Corp. v. Minneapolis-Honeywell Regulator Co.*, 320 U.S. 680, 684 (1944), *abrogated on other grounds by statute*, Pub. L. 593-950, 66 Stat. 792 (1952); *see also Deepsouth Packing Co., Inc. v. Laitram Corp.*, 406 U.S. 518, 528 (1972), *abrogated on other grounds by statute*, Pub. L. No. 98-622, 98 Stat. 3383 (1984) (citing

*Mercoid Corp.*). While these standards, when relevant to a particular direct infringement cause of action, need to be satisfied for a plaintiff to ultimately prevail, they do not impose a pleading standard requiring specific, detailed allegations demonstrating how each and every part of the patented device, as expressed in the claims within the patent, are present and identical within the accused product. *See Bot M8 LLC*, 4 F.4th at 1346 (stating that "patentees need not prove their case at the pleading stage").

Nevertheless, as discussed above, although a pleading need only place the alleged infringer on notice of what activity is asserted to constitute infringement, it is generally insufficient for plaintiff just to recite the claim elements and state, without further factual allegations, that the accused product has those elements. *See Bot M8 LLC*, 4 F.4th at 1353. Ordinarily, there need to be at least some factual allegations that articulate "why it is plausible that the accused product infringes the patent claim," with the level of detail varying depending on the specific nature of the case. *Id.* In certain situations, such as where the technology is simple, general allegations accompanied by photographs of the product packaging may be sufficient. *See Disc Disease Sols., Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

Here, however, even viewing the allegations in the light most favorable to Heidary, there is a facially apparent disconnect between the '862 Patent and the Products. The '862 Patent relates to a "fire protection system with automatic fan shut off, including a camera and display unit" that provides a "system for suppressing the spread of fire by shutting off the fan in an [HVAC] system." Compl. Ex. 1 at 2. Specifically, Claim 1 describes a "system for suppressing fire in a building" that includes, among other things, "a fan controller connected to an HVAC unit, a thermostat, a display unit, a micro-controller for display unit, a wireless receiver for the micro-controller, [and] a telephone system," states that the system works when, "upon detection of a smoke by any one of

the smoke detectors, the respective smoke detector passes a signal to a normally closed relay to open and to cut-off the power supply to the thermostat as well as fan controller thereby shutting off the fan unit," and that a signal is sent "to a wireless receiver connected to the micro-controller so as to display the location of the fire on the display unit connected to the micro-controller." *Id.* at 3. The Products, as described in the Complaint and as depicted in the attached screenshot, appear to consist of only smoke detector devices, not a complete "fire protection system with fan shut off, including a camera and a display unit." *Id.* at 2. Without additional factual allegations, there is a serious question whether the Products constitute the system described in the '862 Patent, particularly in that there is presently no basis to conclude that the Products include the capability to shut off an HVAC unit and to cut off the power supply to the thermostat. Even if the Court were to consider the exhibits submitted with Heidary's briefs, they do not provide any basis to reach this conclusion.

In *Mercoid Corp.*, the United States Supreme Court reviewed a patent that "cover[ed] a system of hot air furnace control which requires three thermostats for its operation." *Mercoid Corp.*, 320 U.S. at 682. Two of the thermostats, termed the "fan switch" and the "limit switch," were unpatented and were each "less than the complete claimed invention." *Id.* at 683 & n.1. In reversing a finding of patent infringement by a party which supplied the fan switch, the Supreme Court concluded that "a patent on a combination is a patent on the assembled or functioning whole, not on the separate parts," and that the parties could not receive patent protection over the unpatented switches in the system. *Id.* at 684. Where the allegations in Heidary's Complaint are sufficient to establish only that each of the Products constitutes one component of the patented system set forth in Claim 1 of the '862 Patent, and Heidary has not alleged that he owns a patent

11

for the kind of smoke detector used as part of his patented system, Heidary has not plausibly alleged a direct infringement claim. *See id.*

In summary, while it is not necessary for a Complaint to provide allegations of infringement on "an element-by-element basis," in this instance, where the "nature of the allegedly infringing device" appears to differ from the system described in the '862 Patent, the Court requires some specific factual allegations illustrating alignment with at least certain elements, beyond the general assertion that the Products have the claim elements, so as to render the patent infringement claim plausible. *See Bot M8 LLC*, 4 F.4th at 1353. The Court will therefore grant the Motion to Dismiss as to the direct infringement claim.

### D. Induced Infringement

Defendants also seek dismissal of the Complaint to the extent that it asserts an induced infringement claim. Under the Patent Act, "[w]hoever actively induces infringement of a patent shall be liable as an infringer. 35 U.S.C. § 271(b). For an induced infringement claim, the complaint "must plead facts plausibly showing that the accused infringer specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement." *Lifetime Indus., Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). The facts must "support a reasonable inference" that the defendant either "specifically intended to induce infringement," or that it "knew it had induced acts that constitute infringement." *Superior Indus., LLC v. Thor Glob. Enters., Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012). Notably, "where there has been no direct infringement, there can be no inducement of infringement under § 271(b)." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 922 (2014).

As the Court will grant the Motion to Dismiss as to the direct infringement claim, the induced infringement claim necessarily fails. *See id.* Separately, though Heidary has generally alleged that Defendants "induce others within this District to infringe one or more claims of the Patent-in-Suit," Compl. ¶ 7, he has not asserted facts that would support the conclusion that either Amazon or Ring specifically intended to induce infringement by another, such as those who manufacture or sell the Products, and he has failed to allege facts showing that either had knowledge that it induced acts constituting infringement. In particular, he has not alleged facts showing that Amazon or Ring knew that the Products infringe on the '862 Patent. The Motion to Dismiss will therefore be granted as to the induced infringement claim under § 271(b).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendants' Motion to Dismiss will be GRANTED, and the Complaint will be DISMISSED WITHOUT PREJUDICE for failure to state a claim, and for improper venue as to Ring only. A separate Order shall issue.

Date:   December 14, 2023

　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　THEODORE D. CHUANG
　　　　　　　　　　　　　　　　　　　　　　United States District Judge